United States District Court
Southern District of Texas
**ENTERED**
January 10, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EUGENIA MILEYKOVSKAYA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-17-1531 |
| | § | |
| DAVIS R. DUNCAN and DENO'S TRUCKING, LLC, | § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION DENYING PLAINTIFF'S MOTION TO REMAND

Pending and referred to the undersigned Magistrate Judge is Plaintiff's Motion to Remand (Document No. 4), in which Plaintiff seeks an Order remanding this personal injury/motor vehicle accident case to the 80th District Court of Harris County, based on Plaintiff's willingness to enter into a "stipulation limiting [her] maximum damages to no more than a total of $75,000." Having considered the motion, the response, the allegations in Plaintiff's live pleading, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiff's Motion to Remand (Document No. 4) be DENIED.

Plaintiff Eugenia Mileykovskaya filed this case in the 80th District Court of Harris County, Texas on February 7, 2017. Defendants David R. Duncan and Denos Trucking, Inc. timely removed the case to this Court on the basis of diversity. Mileykovskaya seeks to remand the case to state court arguing that although she alleged in the Petition she filed in state court that she was seeking damages of "over $100,000 but not more than $200,000," she is now – post-removal – willing to stipulate to damages of less than the diversity-based jurisdictional amount of $75,000. Defendants, in response, are unwilling to accept such a stipulation for jurisdictional purposes, and argue that the

Court's jurisdiction is to be considered from the jurisdictional facts and allegations at the time of removal.

Diversity jurisdiction is provided for in 28 U.S.C. § 1332(a)(1): "The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between — citizens of different States." There is no dispute in this case that Mileykovskaya and Defendants are citizens of different states. Mileykovskaya is a citizen of the State of Texas; Defendant Duncan currently resides in Kansas but has never been a resident or citizen of the State of Texas; and Defendant Denos Trucking, LLC was formed under the laws of Missouri and Defendant Duncan, who has never resided in Texas, is its sole member. The parties are unquestionable diverse. What is at issue in Plaintiff's Motion to Remand is whether Plaintiff can stipulate, post-removal, as to the amount in controversy. Given the unambiguous allegations in Plaintiff's pleading as to the amount in controversy, such a post-removal stipulation cannot be used to divest the Court of diversity jurisdiction under § 1132(a)1).

In determining whether the $75,000 amount in controversy requirement for federal diversity jurisdiction has been met, courts first look to the amount sought by the plaintiff in the pleadings. *See Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("'[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'") (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "If it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount in controversy do not deprive the district court of jurisdiction." *Gebbia v. Wal-mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

Here, it was, at the time of removal, facially apparent that the amount in controversy exceeded $75,000. Mileykovskaya specifically alleged in her Petition that was seeking monetary damages of between $100,00 and $200,000. As such, the Court had diversity jurisdiction over the case on the date of removal. Mileykovskaya's post-removal attempts to limit that amount in controversy do not affect the Court's jurisdiction. *See id.* Consequently, the Magistrate Judge

RECOMMENDS that Plaintiff's Motion to Remand (Document No. 4) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 10TH day of January, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE